# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| AMBER WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-01-M |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant (Commissioner) issued a final decision denying Plaintiff's application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court affirm the Commissioner's decision.

### I. Administrative proceedings.

In her application for benefits,[2] Plaintiff alleged that her impairments became disabling in December 2006. AR 128-36. The Social Security Administration (SSA) denied Plaintiff's claim, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 31-46. In his August 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 25. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

### II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir.

---

[2] Plaintiff's counsel states that she filed for disability insurance benefits, citing the record at pages 17, 128-36, 156. Doc. 11, at 9. The record reflects that Plaintiff actually sought supplemental security income. AR 128-36.

1985). If she succeeds, the ALJ will conduct a residual functional capacity (RFC)[3] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. Plaintiff's claims.

Plaintiff alleges that the ALJ committed legal error in assessing her credibility, and failing to include all her limitations in the RFC. Doc. 11, at 4-8. The undersigned has examined these allegations and finds no reversible error.

### IV. Analysis.

#### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). As

---

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

the Tenth Circuit has cautioned, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

### B. The ALJ's findings.

The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since December 2010; (2) has severe "anxiety disorder, posttraumatic stress disorder, and affective mood disorder"; and (3) has no impairment or combination of impairments that meets or medically equals a "listed impairment." AR 19. The ALJ then concluded that Plaintiff has the RFC to perform a full range of exertional work but "retains the ability to understand, remember, and carry out [only] simple, unskilled work-related tasks." *Id.* at 22. Finally, the ALJ decided that since Plaintiff can perform "unskilled work at all exertional levels," she is "'not disabled'" within the framework of "section 204.00 in the Medical-Vocational Guidelines." *Id.* at 24-25.

### C. The ALJ's alleged errors in assessing Plaintiff's credibility.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 23. Plaintiff challenges this credibility determination,

4

claiming that the ALJ: (1) failed to properly link his findings to specific evidence; (2) improperly pre-determined Plaintiff's RFC and then judged her credibility against that assessment; and (3) "adopted only those parts of the opinions that agreed with his predetermined and assumed RFC." Doc. 11, at 4-6.

1. **The ALJ's duty to assess credibility.**

Once an ALJ finds that a claimant has nonexertional impairments, he must take the next step and assess the claimant's credibility. *See* 20 C.F.R. § 416.929. In doing so, he should closely and affirmatively link his findings with substantial evidence. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). However, as long as the ALJ sets forth the evidence that he relies upon in evaluating credibility, he "need not make a 'formalistic factor-by-factor recitation of the evidence.'" *Keyes-Zachary*, 695 F.3d at 1167 (quotation omitted). Again, "common sense, not technical perfection, is [the court's] guide." *Id.*

2. **The ALJ's credibility assessment.**

As noted above, Plaintiff challenges the ALJ's credibility determination on three grounds. The undersigned disagrees with all three arguments.

5

### a. The ALJ's alleged failure to link his findings to specific evidence.

Plaintiff first alleges that the ALJ did not link his credibility findings to specific evidence. Doc. 11, at 5-6. The undersigned finds the opposite.

For example, the record reflects that the ALJ summarized Plaintiff's subjective statements that she: (1) "can prepare her meals, can go out alone, use public transportation, and goes shopping in stores," AR 20; (2) "gets along with authority figures and has no problems with getting along with family, friends, neighbors, or others," *id.*; (3) is "'good'" at following written instructions, *id.* at 21; (4) controls her depression and audio hallucinations with medication, *id.* at 22; (5) rates her depression as a "two" on a scale of one to five, with one being mild, *id.*; and (6) rates her anxiety as a "two." *Id.* at 22-23.

The ALJ also considered medical evidence that Plaintiff responds well to medication, and appeared at various medical exams with a "normal" mood and intact thoughts. *Id.* at 23. Finally, the ALJ focused on Dr. Keith Green's findings that Plaintiff: (1) presented with an appropriate affect and mood, and described herself as having "good" sleep, appetite, and "typical mood"; (2) evidenced adequate judgment capability in "ordinary social and work-like settings"; (3) can interact appropriately with the public, co-workers, and

6

supervisors; and (4) can "retain and carry out simple and many detailed instructions." *Id.*

Based on the foregoing, the undersigned finds that the ALJ clearly linked his findings to substantial evidence, and because the court can follow the ALJ's reasoning and can determine that he applied the correct legal standards, the undersigned finds no grounds for reversal. *See Keyes-Zachary*, 695 F.3d at 1166-67; *see also Bales v. Colvin*, __ F. App'x __, 2014 WL 3973515, at *6 (10th Cir. Aug. 15, 2014) (finding that the ALJ "closely and affirmatively linked" the credibility determination with substantial evidence when she discussed and considered the claimant's subjective testimony and the medical evidence of record).

### b. The ALJ's alleged reversal of the RFC and credibility decisions.

Plaintiff also challenges the ALJ's credibility determination on grounds that the ALJ improperly determined Plaintiff's RFC first, and then evaluated her credibility. Doc. 11, at 4-5. However, because the ALJ considered Plaintiff's testimony and the medical evidence, and gave "no indication that he tailored that conclusion to fit his RFC determination," the undersigned likewise finds no grounds for reversal on this issue. *Moua v. Colvin*, 541 F. App'x 794, 800 (10th Cir. 2013) (rejecting plaintiff's claim that the ALJ relied on boilerplate language and improperly reversed the RFC and credibility

decisions, where it was clear that the ALJ considered the testimony and medical evidence and had "giv[en] no indication that he tailored that conclusion to fit his RFC determination"); *see also McDonald v. Astrue*, 492 F. App'x 875, 885-86 (10th Cir. 2012) (rejecting plaintiff's claim that the ALJ created the RFC first and then "simply rejected her testimony to the extent it indicated more severe restrictions," in part because the ALJ "related [her] testimony, then carefully reviewed the other evidence, noting specific discrepancies, before concluding that her testimony was not fully credible").

### c. The ALJ's alleged selective reliance on the record.

Finally, Plaintiff claims that the ALJ "adopted only those parts of the opinions that agreed with his predetermined and assumed RFC." Doc. 11, at 5. But the record reflects that the ALJ acknowledged Plaintiff's subjective complaints about her limitations, AR 20-21, and the medical evidence of the same. *Id.* at 22-23. Further, Plaintiff fails to cite to any specific evidence which the ALJ ignored, Doc. 11, at 5, and the undersigned will not search the record for her nor address under-developed arguments. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (finding that inadequately framed or developed "perfunctory complaints" are insufficient to invoke review). So, the undersigned finds no grounds for reversal in this argument.

8

### 3. Summary.

The undersigned recommends that the court affirm the Commissioner's decision as it relates to the ALJ's credibility assessment.

## D. The ALJ's alleged error in failing to include all Plaintiff's impairments in the RFC.

Plaintiff next contends that the ALJ failed to include two impairments in her RFC. Doc. 11, at 6.

### 1. The ALJ's duty to include limitations in the RFC.

It is well established that "once a mental impairment is considered to be severe, it must be included in the residual functional capacity assessment[.]" *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). However, the RFC need only include such limitations as the medical record substantially supports. *See Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim that a limitation should have been included in his RFC because "such a limitation has no support in the record").

### 2. The ALJ's alleged failure to include two limitations in Plaintiff's RFC.

Plaintiff focuses on two limitations which the ALJ allegedly failed to include in her RFC: a lack of "mathematical capabilities" and "moderate" social difficulties. Doc. 11, at 7-8. The undersigned finds no grounds for reversal in either example.

### a. A lack of "mathematical capabilities."

According to Plaintiff, Dr. Green found that she is "unable to perform serial sevens or accurately solve elementary level math problems and struggled slowly to complete these tasks," "improperly followed most instructions for procedure details," and cannot "handle her funds responsibly." *Id.* at 6 (citing AR 643). Thus, Plaintiff believes that the ALJ had a duty to include a limitation on "mathematical capabilities" in her RFC. *Id.* at 7. However, the record reflects that Dr. Green opined that *because* Plaintiff is limited in the above areas, she can only "retain and carry out simple and many detailed instructions." AR 642. The ALJ not only adopted this opinion, but actually limited Plaintiff even further – to those jobs requiring only the ability to "understand, remember, and carry out simple, unskilled work-related tasks." *Id.* at 22. Thus, it is clear to the undersigned that the ALJ included Dr. Green's findings in Plaintiff's RFC and sufficiently accounted for Plaintiff's lack of "mathematical capabilities" when he limited her to performing only simple, unskilled work.

### b. Plaintiff's moderate limitations in social functioning.

Plaintiff also complains that when the ALJ considered whether her impairments meet or equal a "listed impairment," the ALJ found that she has "moderate" difficulties in social functioning. Doc. 11, at 8. Plaintiff argues

that the ALJ erred in not limiting her RFC accordingly. *Id.* The undersigned again disagrees.

"[An] ALJ's finding of 'moderate difficulties' in social functioning in the 'paragraph B' criteria does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013). So, the ALJ "was under no obligation to include limitations in social functioning in [Plaintiff's] RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis." *Id.*

As the ALJ noted, Plaintiff stated that she "gets along with authority figures well and has no problems with getting along with family, friends, neighbors, or others." AR 20, 169-70. The ALJ also cited Dr. Green's opinion that Plaintiff's mental impairments do not affect her ability to "interact appropriately with supervisors, co-workers, and the public." *Id.* at 23, 638. Accordingly, the undersigned finds no merit in Plaintiff's argument that the ALJ was required to include limitations in social functioning in the RFC. *See Beasley*, 520 F. App'x at 754; *see also Bales*, 2014 WL 3973515, at *4 (seeing "no error in the ALJ not importing [plaintiff's] limitations identified generally [at step 3] into the more detailed RFC determination[,]" particularly where the ALJ relied on "the consultant's mental RFC opinions" to formulate the RFC, and a "finding of a moderate limitation . . . at step three does not

11

necessarily translate to a work-related functional limitation for the purposes of the RFC assessment").

### 3. Summary.

The undersigned finds no grounds for reversal in Plaintiff's argument that the ALJ improperly failed to include two limitations in the RFC, and recommends that the court affirm the Commissioner's decision on this basis.

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 23rd day of October, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 3rd day of October, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE